[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER RE: MOTION #126.50 (CONTEMPT CITATION)
The marriage of the parties was dissolved on April 20, 1993 after a contested hearing (O'Sullivan, J.). The Court entered orders with respect to alimony and a division of assets. The Court also ordered as follows: "The plaintiff shall reduce the existing CT Page 3388 mortgage on the property by paying the mortgagee $125,000. in reduction of the outstanding balance which amount he shall solely pay. The plaintiff may consider this payment as lump sum alimony. The defendant thereafter shall hold the plaintiff harmless with respect to the outstanding balance on the mortgage."
The defendant claims that the plaintiff has not done this and the plaintiff has issued a contempt citation.
At the hearing, the plaintiff testified he has paid $500 a month on this mortgage from May 1993 to January 1994. In December 1993 the plaintiff made a lump sum payment of $9000 to the mortgagee. The plaintiff has paid down the mortgage by $14,600.
The defendant is moving for a finding of contempt and payment in full forthwith of the remaining balance.
No payment schedule was provided for in the original judgment and neither party requested an articulation to define "as soon as reasonably possible."
In view of the payments made by the plaintiff, the court declines to find the plaintiff in contempt.
The following payment schedule is ordered:
1) The plaintiff shall pay a lump sum amount of $12,000. to the mortgagee within two weeks of date;
2) In addition, commencing April 1, 1994 the plaintiff shall pay the sum of $700 per month to the mortgagee toward reducing the mortgage;
3) In addition, as proposed by the plaintiff, the plaintiff shall pay to the mortgagee 75% of all profits from the Princeton Partners Ltd. Partnership, the Bucks County Ltd. Partnership and the ITDS Stock Private Company as a further payment of the lump sum alimony award and as a reduction of the mortgage;
4) The defendant shall be entitled to the legal rate of interest of 8% on the unpaid balance of the lump sum alimony award;
5) The plaintiff shall continue to pay to the attorney for the defendant the sum of $250 per month toward her attorney's fees of $7500 and the remaining balance shall be paid in full by June 15, CT Page 3389
6) No further attorney's fees are awarded;
7) The defendant shall be entitled to have a review of the above payment plan in one year of date;
8) The file is referred to Judge O'Sullivan to clarify the 30% transfer of the plaintiff's 39% interest in Life Plans Unlimited, Inc.
COPPETO, J.